FILED
2014 Feb-10  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **GARY DWIGHT BRYANT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NOS. 5:10-CV-8005-SLB** |
| | ) | **5:07-CR-0205-SLB-PWG** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM OPINION</u>**

This case is before the court on petitioner Gary Dwight Bryant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [hereinafter Motion to Vacate], (doc. 1),[1] and the Government's Motion to Dismiss, (doc. 7).  Petitioner raises four grounds for relief in his Motion to Vacate:

> A.  Ground one:  COUNSEL DID NOT ADVISE MOVANT OF HIS RIGHT TO FILE A [PETITION] FOR WRIT OF CERTIORARI IN THE U.S. SUPREME COURT. . . .
>
> B.  Ground two:  THE GOVERNMENT FAILED TO FILE OR SERVE A 21 U.S.[C.] § 851 INFORMATION NOTICE PRIOR TO HIS PLEA OF GUILTY.[2] . . .

---

[1]Reference to a document number as "Doc. ___" refers to the number assigned to each document as it is filed in Bryant's habeas case, Case No. 5:10-CV-8005-SLB; reference to a document as "Crim. Doc." refers to the number assigned to each document as it was filed in the underlying criminal case, Case No. 5:07-CR-0205-SLB-PWG.

[2]The court notes that Bryant was not indicted for a crime involving a controlled substance. Therefore, 21 U.S.C. § 851, which applies only to drug offenses, would not apply to his case. *See United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995)("21 U.S.C.A. § 851 provides for the proceeding to establish prior convictions for sentencing purposes. 'No

C.  Ground three:  WHETHER GUILTY PLEA WAS KNOWINGLY AND INTELLIGENTLY GIVEN?[3]  . . .

D.  Ground four:  INEFFECTIVE [ASSISTANCE] OF COUNSEL TO PRESENT A § 851 DEFENSE AT THE PLEA COLLOQUY[,] SENTENCING[,] OR APPELLATE REVIEW.  . . .

(Doc. 1 at 4-5 [footnotes added].)  In his Reply Brief, Bryant raises a single issue:

If Mr. Bryant's total offense level were calculated again today, based on United States Supreme Court law that was established subsequent to Bryant's sentencing which can be retroactively applied to his case, his offense level would not be eligible for any Chapter Four Enhancements, and the guideline range under which he could be sentenced would be 63-78 months [for Count One of the Indictment], instead of the range of 188-235 months under which he was sentenced in 2008.

(Doc. 25 at 3 [hereinafter the "escape" ground].)

The Government filed a Motion to Dismiss § 2255 Motion.  (Doc. 7)  It argues that Bryant's Motion to Vacate his sentence is due to be dismissed based on the collateral review waiver in his plea agreement.  After filing its Motion to Dismiss, the Government indicated that it was not invoking the collateral-review waiver as to Ground One of Bryant's Motion

_____

person who stands convicted under (**this drug abuse section**) shall be sentenced to increased punishment by reason of . . . prior convictions, unless before trial . . . the United States attorney files an information with the court (and serves a copy of such information on the person or the counsel for the person) stating in writing the previous convictions to be relied upon.'")(quoting 21 U.S.C. § 851(a))(emphasis added).

[3]This ground is also based on the alleged failure to provide Bryant with a listing of his previous convictions required under 21 U.S.C. § 851.  (*See* doc. 1 at 4 ["Defendant was not served notice listing previous/[current] convictions the Government intended to use prior to the plea agreement, plea colloquy, nor at the [subsequent] sentencing hearing.  Absent a § 851 notice, his plea cannot stand as an intelligent admission of guilt."].)

to Vacate and the "escape" ground raised in Bryant's Reply Brief.  (*See* doc. 24 at 9; doc. 27 at 2.)

For the reasons set forth below, the Government's Motion to Dismiss § 2255 Motion, (doc. 7), is due to be granted as to Grounds Two through Four of Bryant's Motion to Vacate, (doc. 1); these Grounds will be dismissed with prejudice.  The Government's Motion to Dismiss § 2255 Motion is due to be denied as to Ground One and the "escape" ground. Based on the court's consideration of the merits of these Grounds, Bryant's Motion to Vacate, (doc. 1), is due to be denied as to Ground One and this Ground dismissed; the Motion to Vacate is due to be granted as to the escape issue.

## I.  <u>STATEMENT OF FACTS</u>

On or about May 31, 2007, the Grand Jury indicted Bryant on three counts:  (1) violation of 18 U.S.C. § 2113(a) and (d) [armed bank robbery]; (2) violation of 18 U.S.C. §924(c)(1)(A)(ii) [brandishing a firearm during a crime of violence]; and (3) criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  (Crim. Doc. 1.) These charges were based on conduct occurring on or about November 22, 2006.  Bryant agreed to plead guilty to all three counts in the Indictment.  The plea agreement stated the following "Waiver of Right to Appeal and Post-Conviction Relief:"

> In consideration of the recommended disposition of this case, I, GARY DWIGHT BRYANT, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me.  Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the

sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

(a)     Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

(b)     Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

(Crim. Doc. 24 at 6-7.)

On November 6, 2007, he entered his plea of guilty before the undersigned.  At the

plea colloquy, Bryant admitted to the following:

MS. DEBRO [Assistant United States Attorney]:  The government would expect the evidence to show that on November 22nd, 2006, the defendant went into the Regions Bank at 1319 U.S. Highway 72 in Athens, Alabama.  He approached a teller, pulled out a gun and pointed to the teller while handing her a grocery bag.

Bryant told the teller to give him all the money in the top and bottom drawers.  The teller gave Bryant the money, and he left the bank in a dark green Pontiac Grand Prix.

On December 30th, 2006, a green Pontiac Grand Prix that was reported as being stolen from Scottsboro, Alabama, was found at a rest area in Comal County, Texas.  The defendant was in the car and was arrested for unauthorized use of a motor vehicle and possession of marijuana.

On January 9th, 2007, Bryant was interviewed by law enforcement officers concerning the bank robbery that occurred in Athens, Alabama. After being advised of his right to counsel and signing an advice of rights form, Bryant admitted that he was the person in the bank surveillance photos taken at the Regions Bank in Athens, Alabama, on November 22nd, 2006, and Bryant also admitted to robbing the Regions Bank, which was insured by the Federal Deposit Insurance Corporation.

THE COURT: Mr. Bryant, you've heard the Assistant U.S. Attorney outline briefly certain of the facts she would expect the government to prove should this case proceed to trial. Are those facts substantially correct?

THE DEFENDANT: Yes, they are.

(Crim. Doc. 41 at 20-22.) The court questioned Bryant about the waiver in his plea agreement of his right to appeal and to collaterally attack his sentence pursuant to 28 U.S.C. § 2255:

THE COURT: On Pages 6 and 7 of the plea agreement, there's a section entitled "Waiver of Right to Appeal and Post-Conviction Relief." In this section of the plea agreement, you're giving up some important rights, and I want to go over them with you now.

First, you're giving up your right to appeal your conviction and your sentence and to file what's called a habeas corpus petition pursuant to Title 28, U.S. Code, Section 2255 subject to only two limitations: Those two limitations being if I imposed a sentence in excess of the applicable statutory maximum sentence or if I imposed a sentence that was an upward departure from the Advisory Guideline Sentencing range.

But other than those two instances, you're waiving your right to appeal your conviction and your sentence or to file a habeas corpus petition after you were incarcerated.

Do you understand the important rights you're giving up in this section of the plea agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT:  And have you discussed those rights with your attorney?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And, Mr. Hill [Bryant's counsel], are you satisfied your client understands the rights he's giving up in this section of the plea agreement?

MR. HILL:  Yes, Your Honor.

(*Id*. at 8-9.)

Prior to sentencing the United States Probation Office prepared a Presentence Investigation Report.  This report stated, in part:

**Advisory Offense Level Computations**

12.  **Base Offense Level:**  Count one:  The guideline for a violation of 18 U.S.C. § 2113(a) is found at U.S.S.G. § 2B3.1.  The base offense level for this offense is 20.                                                                             20

Count two:  The guideline for a violation of 18 U.S.C. § 924(c) is found at U.S.S.G. § 2K2.4(b).  Pursuant to this guideline section, if the defendant, whether or not convicted of another crime, is convicted of [violating] section 924(c) of title 18, United States Code, the guideline sentence is the minimum term required by the statute.  Chapters Three and Four shall not apply to that count of conviction.

13.  **Specific Offense Characteristics**:  Pursuant to U.S.S.G. § 2B3.1(b)(1), if the theft involved the property of a financial institution, the offense level is increased by two.                                                                        +2

14.  **Specific Offense Characteristics:**  U.S.S.G. § 2B3.1(b)(2)(C) instructs that the offense level is to be increased by five levels if a firearm was brandished or possessed.  U.S.S.G. § 2K2.4 comment.(n.4), however, states that to avoid double counting, when a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for explosive or firearm discharge, use, brandishing, or possession is not applied in respect to such underlying offense.        <u>0</u>

. . .

**20.  Adjusted Offense Level (Subtotal):**                                    <u>**22**</u>

**21.  Adjustments for Acceptance of Responsibility:**  The offense level is reduced by three levels because the offense level is 16 or greater and U.S.S.G. §§ 3E1.1 (a) and (b) have been satisfied.                                    <u>-3</u>

**22.  Total Offense Level:**                                    <u>**19**</u>

**23.  Chapter Four Enhancements:**  As is shown in Part B (Criminal History) below, the defendant has been convicted of Bank Robbery (5:99-CR-331-UWC-TMP) and Escape (2:05-CR-272-RDP-PWG), both in the United States District Court for the Northern District of Alabama.  They are crimes of violence within the meaning of U.S.S.G. § 4B1.2(a).  Since the instant offense (Robbery) is a crime of violence and the defendant was 18 years or older at the time of the instant offense, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1.  Because the statutory maximum for Count One (Armed Bank Robbery) is 25 years or more, pursuant to U.S.S.G. § 4B1.1(b)(B), the offense level is 34.                                    <u>34</u>

**24.   Acceptance of Responsibility:**   The defendant has accepted responsibility.                                    <u>-3</u>

**25.  Chapter Four Total Enhanced Offense Level:**  According to U.S.S.G. § 4B1.1(b), the offense level for a career offender is the greater of the offense level determined from the table found in this subsection and that determined in subsection (c). Pursuant to U.S.S.G. § 4B1.1(c)(2) in the case of multiple counts of conviction in which at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c), the guideline range shall be the greater of:

> (A)  the guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) count to the minimum and the maximum of the otherwise applicable range determined for the count of conviction other than the 18 U.S.C. § 924(c),

> and

(B)  the guideline range determined using the table is subsection (c)(3).

In this case, the guideline range for an offense level of 31 (with Acceptance of Responsibility) and a criminal history category of VI is 188 to 235 months. By adding the mandatory minimum 84 months (for brandishing) to both the minimum and the maximum of the otherwise applicable guideline range, the range becomes 272 to 319 months.

The guideline range reflected in U.S.S.G. § 4B1.1(c)(3) with a three-level reduction for acceptance is 262 to 327 months.  As directed by Application Note 3(B), the Court shall use the guideline range with the highest **minimum** term of imprisonment.  Consequently, the defendant's guideline range under U.S.S.G. § 4B1.1(c)(3) is 272 to 319 months.

(Crim. Doc. 30 at 6-8.)  The Presentence Investigation Report recites the following facts with

regard to Bryant's prior convictions for bank robbery and escape:

Details of the Offense [Bank Robbery]:  On August 10, 1999, at approximately 10:00 a.m., the defendant entered Regions Bank in Huntsville, Alabama.  He approached the teller, Nora Tarwick, handing her a note which stated, "give me your tens and twenty and I won't shoot."  The defendant then told the teller, "you better hurry up . . . you'd better hurry."  The bank teller gave the defendant $4,905 of Regions Bank funds.  The defendant then left the building, ran down an alley, got into a black pickup truck, and drove away.  He was subsequently arrested.

. . .

Details of the Offense [Escape]:  On May 23, 2005, the United States Federal Bureau of Prisons (BOP) furloughed the defendant from the United States Penitentiary located in Pollock, Louisiana, via commercial transportation to Keeton Corrections Center, a BOP-approved detention center in Birmingham, Alabama.  The defendant failed to report to Keeton Corrections Center on May 24, 2005.  He ultimately self-surrendered to authorities on June 13, 2005, in Arlington, Texas.

During this period of supervised release, the defendant committed new offenses, left the district of supervision, failed to report as instructed, failed to

report a change in address, failed to participate in drug education and aftercare, and submitted a urine sample which tested positive for cocaine.

(*Id.* at 20.)  Bryant committed his 2006 bank robbery less than a month after being released from custody.

At sentencing, Bryant objected to the Presentence Investigation Report to the extent it considered his prior conviction for escape to be a "crime of violence" for purposes of determining that Bryant was a career offender for purposes of § 4B1.1 of the Sentencing Guidelines.  The court overruled defendant's objection.[4]  The court stated:

> Having ruled on the objections and having overruled the defendant's objections, the court adopts the factual statements contained in the presentence report and makes specific findings that the defendant qualifies as a career offender within the meaning of U.S. Sentencing Guideline Section 4B1.1.
>
> The Guidelines Offense Level is 31.  The Criminal History Category is VI.  The Advisory Guideline Imprisonment Range is from 188 months to 235 months, plus 84 months to run consecutively.  . . .
>
> . . .
>
> . . . I considered a variance, as I do in every case.  I just look at what's an appropriate sentence.  I look at the Guidelines first, which is what we're directed to do under the law.  I try to see if I think it's an appropriate sentence.

---

[4]At the time of sentencing, escape was considered a crime of violence regardless of the manner of escape.  *See United States v. Gay*, 251 F.3d 950, 955 (11th Cir. 2001)("Because the offense of escape . . . does present the potential risk of violence, even when it involves a 'walk-away' from unsecured correctional facilities, the district court did not err in holding that the escape conviction qualified as a 'crime of violence' under the career offender guideline.").  Therefore, the sentencing range was correctly calculated at the time of sentencing.

It may be a life sentence for Mr. Bryant, but nevertheless, I talked to the probation officer this morning, as I mentioned about your objections, the person who wrote the presentence report. I wanted to make sure I understood the legal objections. And she told me that she's talked to you. She said he's a nice person. Looking at his history, you wouldn't necessarily think that . . . .

. . .

And it's not just this crime that you committed one month after being released from prison. It's just a life of crime. The public needs to be protected from you. Maybe you would be able to function, but you've not been able to through your whole lifetime and all the chances you've gotten in the court system.

. . .

Although the court has the authority to impose a sentence other than that recommended by the Advisory Guideline Range, the court finds no reason to depart from the sentence called for by application of the Guidelines inasmuch as the facts as found are the kind contemplated by the Sentencing Commission.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Gary Dwight Bryant, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 188 months as to Count One and 84 months as to Count Two. Each count is to be served consecutively to the other, for a total of 252 months.

. . .

The court is imposing a sentence at the high end of the Guideline range, because the court finds that the low end range is not sufficient punishment. . . .

. . .

Having considered the Guideline computations and having taken them under advisement, the court finds that the sentence imposed is sufficient, but

not greater than necessary, to comply with the statutory purposes of sentencing.

Furthermore, the sentence is reasonable when considering the following sentencing factors found at 18, U.S. Code, Section 3553(a):

First, the nature and circumstances of the offense and the history and characteristics of the defendant.  . . .

The nature and circumstances of the offense and the history and characteristics of the defendant.  I think I've already mentioned – this was a violent crime.  You have an incredibly lengthy history and, unfortunately, many opportunities to maybe have changed your life.  You either weren't able to take advantage of them or just did not take advantage of [them].

The court finds the sentence is sufficient to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.  It is sufficient to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.

Furthermore, the court concludes that the sentence imposed would have been the same regardless of how the Guideline issues would have been resolved.

(Doc. 42 at 6-7, 12, 13-14, 16-17.)  When asked by defendant's counsel about appealing its

decision with regard to the consideration of the escape conviction as a crime of violence, the

court stated:

. . . You deserve – what I am viewing probably for you is a life sentence.  I understood that when I imposed that sentence.  . . .  With the language that I just used, which is what I would do regardless in view of the Guidelines, . . . the objections are simply futile.

. . .

I've stated for the record the fact that, in this case, without any doubt, I would give him the same sentence regardless if I decided the issues differently.  . . .

11

(*Id*. at 20-21.)

## II.  GOVERNMENT'S MOTION TO DISMISS

The Government has moved to dismiss the Motion to Vacate on the ground that petitioner has voluntarily waived his right to seek post-conviction relief.  (Doc. 7 at 6.)  It has informed the court that it will not invoke Bryant's collateral review waiver with regard to either his claim for ineffective assistance of counsel with regard to filing a cert. petition or the "escape" ground.  Therefore, the Government's Motion to Dismiss, (doc. 7), will be denied as to these grounds for relief.

Bryant's remaining grounds for relief raise a collateral attack on his sentence based on the failure of the Government to file a list of his prior convictions pursuant to 21 U.S.C. § 851.  As set forth above, Bryant pleaded guilty pursuant to a plea agreement in which he expressly waived his right to challenge the "sentence imposed or the manner in which the sentence was determined in any collateral attack, including . . . a motion brought under 28 U.S.C. § 2255" – except to raise claims contesting "[a]ny sentence imposed in excess of the applicable statutory maximum sentence(s)" or "[a]ny sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed."  (Crim. Doc. 24 at 6.)  When a defendant has expressly waived the right to mount a collateral attack as part of a plea agreement, such a waiver is generally enforceable, consistent with its terms, when entered into knowingly and voluntarily.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006)*; Williams v. United States*,

12

396 F.3d 1340, 1342 (11th Cir. 2005).  To establish that the waiver was made knowingly and voluntarily, the Government must show either that (1) the court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

The court specifically questioned Bryant about the waiver during the plea colloquy. Based on this discussion, the court finds that Bryant knowingly and voluntarily waived his right to raise a § 2255 challenge to his sentence.   Therefore, the Government's Motion to Dismiss § 2255 Motion, (doc. 7), is due to be granted except as to those grounds to which it has exercised its discretion not to invoke Bryant's waiver.  The Government's Motion to Dismiss § 2255 Motion, (doc. 7), will be granted as to the Grounds Two through Four of Bryant's Motion to Vacate, (doc. 1), and these grounds will be dismissed.

### III.  <u>MOTION TO VACATE</u>

**A.  SECTION 2255 STANDARD**

As to the remaining grounds for relief, Bryant has the burden of showing he is entitled to relief from his sentence pursuant to 28 U.S.C. § 2255.  *See LeCroy v. United States*, 739 F.3d 1297, ____ (11th Cir. 2014); *Greene v. United States*,  880 F.2d 1299, 1301 (11th Cir. 1989)(citing *United States v. Gray*, 626 F.2d 494, 502 (5th Cir.1980), *cert. denied* 449 U.S.

1091 (1981)).[5]  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Richards v. United States*,  837 F.2d 965, 966 (11th Cir. 1988)(quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept.1981)).

## B.  DISCUSSION

### 1.  Failure to Report/Escape as a Crime of Violence

In his Reply Brief, Bryant argues –

> If Mr. Bryant's total offense level were calculated again today, based on United States Supreme Court law that was established subsequent to Bryant's sentencing which can be retroactively applied to his case, his offense level would not be eligible for any Chapter Four Enhancements, and the guideline range under which he could be sentenced would be 63-78 months, instead of the range of 188-235 months under which he was sentenced in 2008. The United States Supreme Court has held that failure to report, or escape, is not a violent crime, and the 11th Circuit has ruled that this holding may be applied retroactively in motions to vacate, set aside, or correct sentences under 28 U.S.C. § 2255.

> The United States Supreme Court, in *Chambers v. United States*[, 555 U.S. 122 (2008),] established that a failure to report to confinement is not a violent felony.  *Id*. at 130.  A federal district court in Florida, in *George v. United States*[, 650 F. Supp. 2d 1196 (M.D. Fla. 2009),] found that the holding in *Chambers* applied retroactively on collateral review, allowing the appellant to shed his classification as an armed career criminal.  *Id*. at 1201-02.  The *Chambers* holding, therefore, can also be applied retroactively to Mr. Bryant's

---

[5]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).

case to eliminate his status as a repeat violent offender and reduce the guideline range under which his sentence was calculated.

(Doc. 25 at 3-4 [footnotes omitted].)  The Government responded that it "agrees with Bryant that the federal-escape offense no longer counts as a Guidelines crime of violence and, as a result, his Guidelines range should have been 63-78 months instead of 188-235 months." (Doc. 27 at 1.)  However, it contends, "The central question is whether Bryant suffered harm because his federal-escape offense was labeled a crime of violence – i.e. whether the recalculation of his Guidelines range would actually result in a lower sentence for Bryant. If this Court considers the Guidelines error harmful, then Bryant should be resentenced.  But if the error was harmless, the Bryant's Guidelines claim must be dismissed."  (*Id*.)

As this court stated at sentencing, a sentence of 188 months as to Count One of the Indictment and 84 months as to Count Two was reasonable given the fact that the 2007 armed bank robbery was committed a month after Bryant was released from prison, his "life of crime," the fact that he had been unable to conform his conduct despite any number of opportunities to do so, the need to protect the public, and the fact that a lesser sentence was not sufficient punishment.  (Crim. Doc. 42 at 13-14.)  Also, the court stated that the sentence would have been the same even if the court had sustained Bryant's objection to being sentenced as a career offender based on his escape conviction.  (*Id*. at 17, 21.)  However, upon further consideration, the court believes that, without a Chapter Four career offender enhancement, the court would have given defendant a lower sentence.

Therefore, without objection from the Government, the court will grant Bryant's Motion to Vacate his sentence and, by separate Order, set this matter for resentencing.

### 2. Failure to File a Petition for Certiorari with the United States Supreme Court

In its Supplemental Response to Bryant's Section 2255 Motion, the Government exercises its discretion not to invoke Bryant's waiver as to his claim that his counsel was ineffective for failing to inform him of his right to file a petition for certiorari with the United States Supreme Court.  (Doc. 24 at 9.)  It argues, however, that Bryant has no right to effective counsel before the United States Supreme Court and, even if Bryant had such a right, he cannot establish that he was prejudiced by his counsel's failure to file a petition for certiorari review.[6]

"Of course, the right to effective assistance of counsel is dependent on the right to counsel itself." *Evitts v. Lucey*, 469 U.S. 387, 397 n.7 (1985)(citing *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982)(per curiam)).  In an unpublished opinion, the Eleventh Circuit held, "[Defendant's] appellate attorney cannot be deemed to have acted ineffectively for failing to file a petition for a writ of certiorari because there is no right under the Sixth Amendment to counsel to pursue a discretionary application for review in the Supreme Court." *Richards v. United States*, 406 Fed. Appx. 447, 447, 2010 WL 5373882, *1 (11th

---

[6]"An ineffective assistance claim has two components:  A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)(citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Cir. 2010)(citing *Torna*, 455 U.S. at 587-88; *Ross v. Moffitt*, 417 U.S. 600, 616-18 (1974))(internal citations omitted);[7] *see also United States v. McClain*, No. 4:08-cr-3-SPM-GRJ, 2012 WL 1344326, *6-*7 (N.D. Fla. March 19, 2012)(Defendant does not have a viable ineffective assistance counsel claim based on appellate counsel's failure to file a certiorari petition "because Defendant does not have a Sixth Amendment right to counsel to pursue discretionary review in the Supreme Court;" because there was no constitutional deprivation of a right to counsel, there can be no claim that appellate counsel's performance was ineffective under *Strickland*.")(internal citations omitted).

Moreover, the court notes that the Eleventh Circuit dismissed Bryant's direct appeal based on the appeal waiver contained in his plea agreement.  (Crim. Doc. 44 at 1.)  Bryant has presented nothing to indicate that the Supreme Court would have disregarded his waiver for the purpose of addressing the calculation of his criminal history, which this court found would not have changed the sentence imposed.  Therefore, the court finds, even if Bryant had a right to counsel for purposes of filing a certiorari petition in the United States Supreme Court, he cannot establish any prejudice resulting from counsel's failure to file such a petition.

---

[7]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it.  ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***."  11th Cir. R. 36-2 (emphasis added).

Finally, the court notes that based on its decision to resentence Bryant, this issue is probably moot.

Therefore, Bryant's Motion to Vacate based on his counsel's failure to file a Petition for Certiorari with the United States Supreme Court will be denied.

## CONCLUSION

Based on the foregoing, Motion to Dismiss § 2255 Motion, filed by respondent United States, (doc. 7), will be granted in part and denied in part, and the petitioner Gary Dwight Bryant's Motion to Vacate, (doc. 1), is due to be granted in part and denied in part. An Order granting in part and denying in part Bryant's Motion to Vacate, (doc. 1), granting in part and denying in part the Government's Motion to Dismiss, (doc. 7), and setting this matter for resentencing will be  entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).  And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added).  To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether

18

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Bryant has not demonstrated that he was denied any constitutional right or that the issues he raises are reasonably debatable and/or deserve encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE**, this 9th day of February, 2014.


SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

19